*284 OPINION of the Court, by
Judge Clark,
To ¡ action of covenant brought by the plaintiff in the *285 Montgomery circuit court, the defendant plead cove-mants performed, and a plea of setoff. To the plea of setoff, the plaintiff replied the statute of limitations. The defendant proved on the trial, the plaintiff’s acknowledgment of the justice of his account wstllh five years, and that it might go in discharge-of the :flue on the bond upon which this suit is brought. But the witness did not know the particular items of the account, nor the amount thus acknowledged by the plaintiff. The circuit court instructed the jury, that the plaintiff, by his replication, had admitted the amount stated in the defendant’s plea of setoff, and that it was unnecessary for him to prove the amount of his account And if they believed the witness as to the assumpsit of the plaintiff within five years, it was sufficient to take , 1 ,. . J r • -i-i - ■ the case out ot the, statute ot limitations. 1 h¡s tnstruction was clearly erroneous ; for in no case does the party, either by pleading or failing to plead, except where the demand is liquidated, admit the amount of the demand. On the execution oí a writ of inquiry, after a demurrer overruled, it is competent for the defendant to controvert the amount of damages. The replication in this case neither admitted the right of setoff, nor the amount plead ; for that which denies the existence of a right, cannot at the same time admit the amount of it. The instruction as to the statute of limitations, is contrary to the principle settled by this court, in the cases of Bell vs. Rowland’s administrators, Hard. Rep. 301, and Harrison vs. Handley, vol. 1, 443, wherein it is said, “ that in order to take a case out of the sta- , , - . , , tute oi limitations, an express acknowledgment of the debt, as a debt due at that time, (coupled with the original consideration) or an express promise to pay it, must be proven to have been made within the time prescribed by the statute. The acknowledgment of Gray, as stated in the bill of exceptions, does not go further than that the defendant’s demand should be allowed in payment of the interest; so much then as the defendant could shew the plaintiff indebted to him, not exceeding the amount of interest then due, was taken out of the statute of limitations, and no further.
¶⅛ uefen. «⅛ iuppjrted lm n«nr the ,ft mt’mn Use vejrs, and a tl0,⅛ that ⅛ go in but the wituei’ sccóónt nor the items acknow. ⅝⅛ plea by proof of an ac-Úil.nvledg-could iioc recollect rhe amount of the acknowledgment takes out of the flatute of limitations so much as defendant can ⅜» the plain-aff 0WCj-not exetedin? the interest,
Judgment reversed, &c-